[Civ. No. 5113.   Second Appellate District, Division One.—May 20, 1925.]

## E. C. WHITE, Petitioner, v. THE SUPERIOR COURT OF TULARE COUNTY et al., Respondents.

[1] CERTIORARI—APPEAL FROM JUSTICE'S COURT—AFFIRMANCE OF CONVICTION OF MISDEMEANOR.—A writ of review will not lie where the appeal from the judgment of a justice's court convicting the defendant of a misdemeanor, in that he did willfully and unlawfully operate and drive an automobile upon a public highway of the county at a rate of speed in excess of thirty-five miles per hour, is presented to the superior court on a statement of the case prepared and settled as provided by section 1468 of the Penal Code, and that court, after due hearing upon that record, affirms the judgment of the justice's court.

---

(1) 16 **C. J.**, p. 368, n. 10 New.

APPLICATION for a Writ of Certiorari, after judgment by a Superior Court affirming a Justice's Court judgment convicting petitioner of a misdemeanor. Denied.

The facts are stated in the opinion of the court.

Walter C. Maloy and John W. Maloy for Petitioner.

No appearance for Respondents.

CONREY, P. J.—Petitioner was convicted in a justice's court, upon a charge of misdemeanor in that he did will-

fully and unlawfully operate and drive an automobile upon a public highway of the county of Tulare at a rate of speed in excess of thirty-five miles an hour. From the judgment entered therein he appealed to the Superior Court. The appeal was presented to that Court on a statement of the case prepared and settled as provided by section 1468 of the Penal Code. After due hearing by the Court upon that record, the judgment of the justice's court was affirmed.

[1] Petitioner, who insists that the complaint did not charge the commission by him of any crime, relies upon *Fleming* v. *Superior Court*, 45 Cal. App. Dec. 143, as authority in support of his contention that a writ of review will lie in this case, notwithstanding that the right to a writ of review is limited to cases in which there is no appeal. (Code Civ. Proc., sec. 1068.) In the Fleming case a rehearing was granted by the supreme court, where the matter now awaits decision [238 Pac. 88]. Moreover, that was a case where the judgment of the superior court was rendered upon a trial in that court after an order granting a new trial. The Penal Code provides that in such cases, "if a new trial is granted on appeal, it must be had in the superior court." (Pen. Code, sec. 1469.) Without venturing to express our opinion upon the question concerning the right to a writ of review, as presented in the Fleming case, we are well satisfied that such right does not exist where the judgment of the superior court is merely a judgment of affirmance of the judgment of the justice's court. For it is required that such judgment of affirmance be "remitted to the court below, which may proceed to enforce its sentence." (Pen. Code, sec. 1470.)

The petition for writ of review is denied.

Houser, J., and Curtis, J., concurred.